CONNER, J., concurring in part and dissenting in part.
I concur with the analyses and appellate conclusions in Sections I and II of the majority opinion. I also concur with the appellate conclusion in Section III A. that the record shows the State failed to demonstrate that the redacted surveillance techniques were "not widely known," and thus, the trial court properly authorized disclosure to the public. However, as to Sections III A., B., and C., my understanding of the law is different from Judge Levine and I disagree with a substantial portion of the legal analysis in those sections. Primarily, I disagree with the premise that Chapter 119 does not apply to the analysis of this case. I first discuss my disagreement with Sections III A. and B., then my disagreement with Section III C., and end with a conclusion.
Sections III A. and B.
In my view, by adopting rule 2.420, our supreme court intended for the judiciary to follow the system of public records disclosure and exemption requirements established by the Florida Legislature for the other two branches of government in Chapter 119, in general, and various other statutes addressing specific subject matters. As a separate and coequal branch of government, the judiciary has the constitutional right to adopt a system of rules for public records of the branch that can be different from the other two branches of government. But in my view, the supreme court embraced the value of consistency in the application of the law across the three branches, to the extent it is practical to do so, when it adopted rule 2.420.
As Judge Levine points out, rule 2.420(c)(9) recognizes the following judicial records as confidential:
(9) Any court record determined to be confidential in case decision or court rule on the grounds that
(A) confidentiality is required to:
....
(iii) protect a compelling governmental interest; [or]
....
(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law[.]
Fla. R. Jud. Admin. 2.420(c)(9). Significantly, rule 2.420(f) allows a litigant to file a motion to determine the confidentiality of court records. Rule 2.420(f)(3) specifically authorizes a motion and hearing procedure for a confidentiality determination under rule 2.420(c)(9)(A)(iii) (compelling governmental interest) and 2.420(c)(9)(A)(vii) (established public policy set forth in Florida Statutes). Thus, when reading rule 2.420(c)(9) and (f)(3) together, it appears to me that in making a decision in response to a 2.420(f)(3) motion as to whether a court record should be deemed confidential at the request of a party, the trial court should declare a record to be confidential if such is required to "protect a compelling governmental interest" is demonstrated or to "comply with established public policy set forth in the Florida ... statutes."
I agree with Judge Levine that there is a difference between exempt records and confidential records. Section 119.071, Florida Statutes, is designed to give an agency the discretion to assert a public record exemption. However, in certain instances, the legislature has taken that discretion away, and declared, statutorily, that certain records are confidential. See § 119.071(h), Fla. Stat. (2018) (identifying records which are "confidential and exempt *1074 from s. 119.07(1) and s. 24(a), Art. I of the State Constitution") (emphasis added).
I agree with Judge Levine that under section 119.071(d), surveillance techniques are exempt, and not statutorily confidential. § 119.071(d), Fla. Stat. (2018) ("[a]ny information revealing surveillance techniques or procedures or personnel is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution"). However, because rule 2.420 is designed to allow an agency to assert an exemption, if asserted, the court system should honor the exemption and declare a record confidential, if a compelling governmental interest is shown or if the established public policy, as declared by the legislature, requires that confidentiality be maintained. That said, trial judges must also keep in mind that a statute can be trumped by constitutional rights, such as due process. In this case, the constitutional right to due process, as provided for in our criminal discovery rules, trumps confidentiality regarding disclosure of the redacted information to the defendant. I contend the public does not hold a similar trump card.
In my view, a strong statement of public policy in statutes can establish a compelling governmental interest. Section 119.071(2)(d) makes a clear legislative statement of public policy that "[a]ny information revealing surveillance techniques or procedures or personnel is exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution." § 119.071(2), Fla. Stat. (2018) (emphasis added). Additionally, section 119.0714(1)(c), Florida Statutes (2018) provides:
(1) Court files .-Nothing in this chapter shall be construed to exempt from s. 119.07(1) a public record that was made a part of a court file and that is not specifically closed by order of court, except :
....
(c) Any information revealing surveillance techniques or procedures or personnel as provided in s. 119.071(2)(d) .
§ 119.0714(1)(c), Fla. Stat. (2018) (emphases added). The fact that the legislature has exempted the disclosure of surveillance techniques in at least two statutes, presents a compelling argument that the court system should determine such information in court records to be confidential and not subject to public disclosure.
Section III C.
My problem with Section III C. of Judge Levine's opinion is that it cites and quotes Article I, section 24(a) of the Florida Constitution, but fails to address section 24(c) of Article 1. Section 24 (c) specifically allows the legislature to provide for exemptions by general law. Art. I, § 24(c), Fla. Const. ("The legislature, however, may provide by general law ... exemption of records from the requirements of subsection (a)."). Thus, it appears to me that the Florida Constitution and the implementing statutes override the common law. If my analysis above is correct ( rule 2.420 was intended to mirror the exemptions in Chapter 119), then to the extent rule 2.420 is a codification of Article I, section 24, the rule likewise supplants the common law concerning the right of access to public records of the judiciary, including warrants.
Conclusion
The State in this case moved to block disclosure of the redacted information by asserting redaction was necessary to protect a compelling governmental interest. As discussed in Section I of the majority opinion, the State failed to preserve in the trial court the arguments raised in the certiorari petition regarding the surveillance technique exemption authorized in section 119.071(2)(d). In addition, the State failed to present proof that the redacted *1075 information was not widely known by the public. In the trial court, the State had multiple opportunities for making winning arguments to block the disclosure of the redacted information to the public. Our review of the record in light of all the exemptions listed in section 119.071 reveals there are other exemptions the State could have asserted besides the surveillance technique exception. The State failed to raise those arguments in the trial court. Additionally, the State failed to make arguments in the trial court connecting the interplay of Chapter 119 with rule 2.420. In short, the State has failed to demonstrate the trial court departed from the essential requirements of law.